NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY and WESCO INSURANCE COMPANY,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>AVALON BAY COMMUNITIES, INC.,<br><br>　　　　　　Defendant. | Civ. No. 16-6142 (WHW-CLW) |
| ALLSTATE NEW JERSEY INSURANCE COMPANY.,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>AVALON BAY COMMUNITIES, INC.,<br><br>　　　　　　Defendant. | **OPINION AND ORDER**<br>Civ. No. 16-5441 (WHW-CLW) |

**Walls, Senior District Judge**

　　　This matter is before the Court on the motion by Plaintiffs State Farm Fire & Casualty Company and Wesco Insurance Company brought under Federal Rule of Civil Procedure 42(a) to consolidate the matter captioned *State Farm Fire & Casualty Company, et al. v. Avalon Bay Communities, Inc.*, Civ. No. 2:16-cv-06142-WHW-CLW (the "State Farm Action"), with the class action captioned, *Allstate New Jersey Insurance Company v. Avalon Bay Communities, Inc.*,Civ. No. 2: 16-cv-05441-WHW-CLW (the "Allstate Action"). ECF No. 12. Defendant in both actions, AvalonBay Communities, initially consented to consolidation of the matters, ECF No. 12-1 ¶ 10, but it withdrew its consent because it believed State Farm's motion to consolidate

1

also sought an indefinite stay of AvalonBay's motion to dismiss filed in the Allstate Action. ECF No. 13 at 1–2. The Court decided AvalonBay's motion to dismiss the Allstate Action on January 17, 2017, ECF No. 21, thereby mitigating AvalonBay's concern. Though there is a motion for reconsideration of that decision pending, ECF No. 24, consolidating the Allstate and State Farm actions will not affect that motion.

In a letter to Magistrate Judge Waldor, Defendant suggested that this Court is bound by a preliminary injunction recently entered by Judge Linares in the matter of *DeMarco v. AvalonBay Communities, Inc.*, Civ. No. 15-628, a putative class action lawsuit brought against AvalonBay Communities by former residents and occupants of the Russell Building of the Avalon at Edgewater apartment complex whose property was destroyed by the fire. The present parties and their interests are not within the scope of the *DeMarco* injunction. Parties different in status are present: insurance companies allege vested subrogation rights. No members of the *DeMarco* settlement class are involved nor will any such members benefit. This action is not brought on behalf of the *DeMarco* parties or class members.

Rule 42(a) authorizes this Court to order that cases be consolidated when they "involve a common question of law or fact." The Third Circuit has noted that the power to consolidate matters is "broad" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014). "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In Re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (citation omitted). Both Allstate and State Farm seek subrogation stemming from a fire which occurred at Defendant's residential apartment complex on January 21, 2015. ECF No. 12-1 at 4. These shared legal and factual issues make consolidation appropriate in this case, and it is hereby

NOT FOR PUBLICATION

ORDERED that: Plaintiff State Farm's motion to consolidate is granted; and it is

FURTHER ORDERED that that the State Farm Action and the Allstate Action shall be consolidated under the earlier filed Allstate Action, Civ. No. 16-cv-05441-WHW-CLW, and all further filings shall be captioned and docketed therein.

DATE: 22 March 2017

William H. Walls
Senior United States District Court Judge

3